Connie R. Zakrajsek
PO Box 2065
Phoenix, AZ 85001
(602) 214-0122
Plaintiff Pro Se

```
___ FILED      ___ LODGED
___ RECEIVED   ___ COPY

    OCT 2 1 2011

CLERK U S DISTRICT COURT
   DISTRICT OF ARIZONA
BY_____ S  DEPUTY
```

# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CONNIE R. ZAKRAJSEK, ) | CIV '11 2065 PHX   MB |
| Plaintiff, ) | Case No. |
| vs ) | |
| ) | Complaint for Damages |
| CLAY B. HAHN, SCOTT WHALEN, ) | |
| individually and dba SCOTT'S AUTO ) | Fair Debt Collection |
| REPAIR AND SERVICE, ) | Practices Act |
| Defendants | |

## Jurisdiction

This court has jurisdiction pursuant to **15 USC § 1692k.**

## Complaint

1. Plaintiff rents a residence within the jurisdiction of this court from Defendant Clay B. Hahn, who resides in the jurisdiction of this court.

2. Defendant Scott Whalen owns a business that previously repaired vehicles belonging to Plaintiff, resides in and conducts this business located in the jurisdiction of this court.

3. Defendants Hahn and Whalen know each other and acquainted with one another.

4. Beginning February 1, 2011, Plaintiff began renting an apartment from Hahn, which he purportedly owns.

5. The apartment that Hahn rented to Plaintiff is in substandard condition.

6. Plaintiff and an agent of Hahn agreed that Plaintiff would have a period of free rent for the inability to move in to the apartment when she rented it and paid full rent.

7. Plaintiff demanded that Hahn remedy these condition and Hahn failed and/or refused to do so, all of which the value of the rental premises and habitability.

8. Hahn, by and through his agent, Teresa Hahn, asserted to Plaintiff that they could make no repairs nor remedy any condition of the premises due to Plaintiff not having paid a security deposit, which they would use, if Plaintiff had paid the same to Hahn, to bring the premises in compliance with the minimum standards as required by the Arizona Residential Landlord and Tenant Act.

9. Plaintiff was not charged a deposit at the outset of her tenancy.

10. Thereafter, beginning in September 2011, Plaintiff disputed with Hahn that she owed rent due to the agreement for a period of free rent and due to the condition of the premises.

11. Despite due demand and Plaintiff disputing that she owes rent to Hahn, and demanding that Hahn remedy the conditions in the premises including a lack of floor covering on the floors which were present when she rented the premises and upon which rent was based, the lack of repairs to gate for the premises, the presence of a roach and mice, rat or other rodent infestation, Hahn has taken no action to remedy these condition, of which he was duly informed.

12. Hahn was aware that Plaintiff contested liability for rent and he knowingly communicated to Whalen that Plaintiff had not paid rent and that she owed it to him, when she did not, in violation of the Fair Debt Collection Practices Act.

13. Defendant Whalen refused on September 15, 2011, to repair Plaintiff's automobile which he had on September 14, 2011, agreed to repair, because Plaintiff had not paid rent to Hahn and she owed it to him. Apparently, Whalen was unaware that Plaintiff did not owe and was contesting owing rent to Hahn he took this action. Plaintiff's vehicle is still

unrepaired. Defendant Whalen took this action to assist Hahn to collect sums not owed to him.

14. On October 12, 2011, Hahn communicated to Plaintiff that if she did not pay rent that she would be subject to criminal prosecution for trespass by delivering such a notice in writing to her.

15, On October 15, 2011, when Plaintiff was not at home, Hahn came to her apartment and communicated verbally to a third party present who is unrelated to Plaintiff, after Plaintiff contested and disputed owing rent to Hahn, that Plaintiff owed him rent and that he was going to cause Plaintiff harm. He also removed some of Plaintiff's property without her permission, and refuses to return the same. Additionally, Hahn failed to give Plaintiff the required 48 hour required prior notice before entering the premises and gave her no notice that he was going to remove his or anyone's property from the premises.

16. As a result of the unlawful conduct of Defendants, Plaintiff has suffered substantial harm. She has lost income and her vehicle damaged and it is still not repaired, despite Plaintiff having spent hundreds of dollars to have it repaired. Plaintiff lost employment due to the unlawful conduct of Defendants.

## Demand

**Plaintiff seeks actual and consequential damages from each of the Defendants for their violation of the Fair Debt Collection Practices Act in the amount of One Hundred Thousand Dollars.**

**Plaintiff seeks statutory damages from Defendant Hahn in the amount of Three Thousand Dollars.**

**Plaintiff seeks statutory damages from Defendant Whalen in the amount of One Thousand Dollars.**

**Plaintiff seeks costs of suit.**

**Plaintiff seeks attorney fees from the Defendants in the event that she uses the services of an attorney in this action.**

Plaintiff seeks equitable relief that the court has authority to grant her.

Respectfully submitted this 21st day of October, 2011

_____
Connie R. Zakrajsek
Plaintiff Pro Se